## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **JOHN KONYS, ET AL.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No.  4:19-CV-3262 |
| ) | |
| **KRAUSE-WERK GMBH & CO. KG,** ) | |
| **ET AL.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Krause-Werk GmbH & Co. KG's (Krause-Werk) motion to dismiss pursuant to Fed R. Civ. P. 12(b)(2) for lack of personal jurisdiction. [ECF No. 22]  Plaintiffs John and Julia Konys (Plaintiffs) oppose the motion.  [ECF No. 33]

**I.   Background**

This product liability action arises from injuries Plaintiff John Konys sustained when he fell from a Krause-Werk Multi-Matic ladder, which he had purchased at a Home Depot store in Missouri.  Plaintiffs, residents of O'Fallon, Missouri, filed a petition against Krause-Werk and Home Depot USA, Inc. (Home Depot) in the Circuit Court of St. Charles County.  [ECF No. 5]  Home Depot, a Georgia corporation headquartered in Atlanta, Georgia, removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441. [ECF Nos. 1, 32 at ¶ 4] The facts, as alleged in the first amended complaint, are as follows:

Krause-Werk is a German company with corporate headquarters located in Alsfeld, Germany. [ECF No. 32 at ¶ 2]  Krause-Werk "designed, developed, and patented a foldable ladder it named 'Multi-Matic.'"  [Id. at ¶ 14]   In the mid-1980s, Krause-Werk formed Krause, Inc., a

1

wholly-owned subsidiary, for the purpose of distributing its ladders in the United States. [Id. at ¶ 21] Krause, Inc. was an Illinois corporation with its principal place of business in Rosco, Illinois. [Id.] Krause-Werk was the sole provider of all start-up capital for Krause, Inc., owner of corporate stock in Krause, Inc., and owner of the patents and trademarks for the Multi-Matic ladders. [Id. at ¶¶ 22, 38] Krause, Inc. later began manufacturing the Multi-Matic ladder at its facility in Illinois. [Id. at ¶ 23] Krause, Inc.'s ladders "bore the same name, emblem and insignia [as those] placed on Krause-Werk's ladders manufactured and sold in Europe." [Id. at ¶ 15]

Following Krause Inc.'s formation, Gunther Krause, Krause-Werk's founder and president, became the president and sole director of Krause, Inc., serving both companies simultaneously. [Id. at ¶¶ 37-39] Mr. Krause received regular reports regarding Krause, Inc.'s operations and finances. [Id. at 40] Krause-Werk sent its employees from Germany to the United States to design and install manufacturing equipment at Krause, Inc., train Krause, Inc. employees, "perform managerial functions" at Krause, Inc., and assist in bookkeeping and accounting for Krause, Inc. [Id. at 42]

Krause-Werk and Krause, Inc. entered a license agreement in 1995, granting Krause, Inc. an exclusive license to manufacture and sell Multi-Matic ladders in the United States. [Id. at ¶ 46] Pursuant to the licensing agreement, Krause-Werk received royalty payments from Krause, Inc. and both entities were obligated to share technical information about the Multi-Matic ladders. [Id. at ¶¶ 47, 47]

In 1997, in response to complaints of injuries, Krause-Werk ordered Krause, Inc. to redesign the Multi-Matic ladders. [Id. at ¶ 28] Krause, Inc. changed the material and coating used for the locking bolt, and Krause-Werk tested and approved the changes. [Id. at ¶¶ 29, 32] Claims and lawsuits for injuries and deaths related to the Multi-Matic ladder increased after the redesign,

and "a number of Krause[, Inc.] Multi-Matic ladder models" were recalled in 1998. [Id. at ¶ 31] Krause, Inc. filed for bankruptcy in 2000 and "was dissolved involuntarily" in 2003. [Id. at ¶¶ 33, 45] Krause-Werk "still designs, manufactures, markets and distributes ladders and other climbing and scaffolding products from its production and marketing facilities located in Germany, Poland, Hungary, Russia, and Switzerland." [Id. at ¶ 34]

Mr. Konys was using a Multi-Matic ladder at his home in November 2014 when the ladder "broke, collapsed, buckled, or otherwise malfunctioned, causing [him] to fall from a significant height and sustain bodily injuries." [Id. at ¶ 7] Plaintiffs filed a complaint seeking monetary relief under theories of negligence, strict liability for defective design/manufacture and failure to warn, and loss of consortium. [Id.] They allege that Krause-Werk is subject to personal jurisdiction in Missouri because "Krause-Werk itself, and through its alter ego, joint venture partner, and/or agent Krause, Inc., has conducted business, made contracts, and committed tortious acts in the State of Missouri." [Id. at ¶ 3] Krause-Werk moves to dismiss for lack of personal jurisdiction. [ECF No. 22]

**II.     Legal Standard**

To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that personal jurisdiction exists by pleading facts sufficient to support a "reasonable inference that the defendant[] may be subjected to jurisdiction in the forum state." Fastpath, Inc. v. Arbela Tech. Corp., 760 F.3d 816, 820 (8th Cir. 2014) (quoting Steinbuch v. Cutler, 518 F.3d 580, 585 (8th Cir. 2008)). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction." Wells Dairy, Inc. v. Food Movers Int'l, Inc., 607 F.3d 515, 518 (8th Cir. 2010). See also Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004). A plaintiff's prima facie showing

3

"must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." K–V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 592 (8th Cir. 2011) (internal quotation marks and citation omitted). Although a court must view evidence in the light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction. Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 592 (8th. Cir. 2011); Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003).

### III.  Discussion

Krause-Werk argues that it is not subject to the Court's personal jurisdiction because Krause-Werk did not manufacture, sell, or distribute the allegedly defective ladder and "has never had any business activities in Missouri." [ECF No. 23 at 3] Krause-Werk further contends that Plaintiffs' efforts to base personal jurisdiction on an alter ego theory likewise must fail because: (1) Plaintiffs demonstrated nothing more than a typical parent/subsidiary relationship between Krause-Werk and Krause, Inc.; and (2) even if Krause, Inc. were Krause-Werk's alter ego, Plaintiffs' allegations do not establish that Krause, Inc. is subject to personal jurisdiction in Missouri. Plaintiffs counter that Krause-Werk "sufficiently availed itself [of] the forum and possessed the necessary contacts with the forum to be subject to this Court's jurisdiction." [ECF No. 33 at 5]

Personal jurisdiction over a defendant represents the power of a court to enter "a valid judgment imposing a personal obligation or duty in favor of the plaintiff." Viasystems, Inc., 646 F.3d at 592 (quoting Kulko v. Superior Court of Cal., 436 U.S. 84, 91 (1978)). In a diversity action such as this one, a federal court may exercise personal jurisdiction "only if authorized by the forum

state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." Id. at 593. "[B]ecause the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause," a court considers "whether the assertion of personal jurisdiction would violate due process."[1] Aly v. Hanzada for Imp. & Exp. Co., Ltd., 864 F.3d 844, 849 (8th Cir. 2017) (internal quotations omitted).

Due process requires that a non-resident have minimum contacts with the forum state such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. World-Wide Volkswagen v. Woodson, 444 U.S. 286, 291-92 (1980). "Sufficient minimum contacts requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Fastpath, Inc., 760 F.3d at 821 (quoting J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 877 (2011) (quotation omitted)). When determining the sufficiency of a non-resident defendant's contacts with a forum state, a court considers the following five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." Aly, 864 F.3d at 849 (quoting Eagle Tech v. Expander Americas, Inc., 783 F.3d 1131, 1136 (8th Cir. 2015)). A court gives "significant weight to the first three factors." Id. (quoting Fastpath, Inc., 760 F.3d at 821)).

---

[1] The Court recognizes that the Eighth Circuit has cautioned against collapsing the long-arm statute and due process inquiries into one because the Missouri Supreme Court analyzes these questions separately. See Viasystems, Inc., 646 F.3d at 593 n.2 (quoting Bryant v. Smith Interior Design Grp., Inc., 310 S.W.3d 227, 231 (Mo. banc 2010)). More recent Eighth Circuit decisions, however, have considered only whether the assertion of personal jurisdiction violates due process. See, e.g., Aly, 864 F.3d at 849 (quoting Eagle Tech. v. Expander Ams., Inc., 783 F.3d 1131, 1136 (8th Cir. 2015)).

5

The question here is whether Krause-Werk is subject to this Court's specific personal jurisdiction.[2] "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state...." Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc., 702 F.3d 472, 475 (8th Cir. 2012) (quoting Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1091 (8th Cir. 2008)).  See also Myers v. Casino Queen, Inc., 689 F.3d 904, 912 (8th Cir. 2012) ("The exercise of specific jurisdiction is permissible if a defendant purposefully directs its activities at residents of the forum state, 'and the litigation results from alleged injuries that arise out of or relate to those activities[.]") (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (internal quotations omitted)); State ex rel. Cedar Crest Apartments, LLC v. Grate, 577 S.W.3d 490, 495 (Mo. banc 2019) ("Missouri courts may [] assert personal jurisdiction over a non-domiciliary defendant corporation without violating due process if that entity has at least one contact with this state *and* the cause of action being pursued arises out of that contact.") (emphasis in original).

A. Specific jurisdiction over Krause-Werk

Krause-Werk asserts that it is not subject to this Court's specific jurisdiction because it did not manufacture, sell, or distribute the allegedly defective ladder, or conduct any other business activities, in Missouri. [ECF No. 23]  In response, Plaintiffs assert that Krause-Werk is subject to the specific jurisdiction of this Court because Krause-Werk placed the allegedly "defective" and "negligent[l]y design[ed]" ladder into the stream of commerce with the "inten[t] to sell its Multi-Matic ladder throughout the U.S., including Missouri." [ECF No. 33 at 5-6]

---

[2] "Personal jurisdiction can be specific or general." Viasystems, Inc., 646 F.3d at 592. Plaintiffs acknowledge that "Krause-Werk is not subject to the general jurisdiction of this Court." [ECF No. 33 at 5]

6

In support of their stream-of-commerce argument, Plaintiffs rely on cases decided before Bristol-Myers Squibb Co. v. Superior Court of California, 137 S.Ct. 1773 (2017). See Asahi Metal Indus. Co. Ltd. v. Superior Court of Cal., 480 U.S. 102 (1987); Truitt v. Westlake Hardware, Inc., No. 2:14-CV-65 HEA, 2015 WL 2453010 (E.D. Mo. May 22, 2015); Patterson v. Home Depot, USA, Inc., 684 F.Supp.2d 1170 (D. Ariz. 2010). In Bristol-Myers, more than 600 plaintiffs, most of whom were not California residents, filed a civil action in California state court against Bristol-Myers Squibb Company (BMS), alleging that BMS's prescription drug Plavix damaged their health.[3] 137 S.Ct. at 1778. The Supreme Court held that California courts lacked specific jurisdiction to hear the nonresident plaintiffs' claims against BMS because there was no connection between the forum state and the nonresident plaintiffs' "specific claims at issue." Id. at 1781. The Court explained that, for a state court to exercise specific personal jurisdiction over an out-of-state defendant, there must be "an affiliation between the forum and the underlying controversy, principally [an] activity or an occurrence that takes place in the forum State[.]" Id. at 1780 (alteration in original) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

This District has observed that Bristol-Myers "appears to have drastically changed the specific jurisdiction landscape to the exclusion of the stream-of-commerce theory." A.T. through Travis v. Hahn, 341 F.Supp.3d 1031, 1037 (E.D. Mo. 2018). See also Slaton v. Climax

---

[3] BMS was incorporated in Delaware and headquartered in New York, with substantial operations in New York and New Jersey. Bristol-Myers, 137 S.Ct. at 1777-78. BMS maintained five research and laboratory facilities in California, employed about 250 sales representatives in California, and maintained a state-government advocacy office in Sacramento. Id. at 1778. While BMS sold Plavix in California, it did not develop Plavix, create a marketing strategy for Plavix, or manufacture, label, package, or work on the regulatory approval of the product in California. Id. The nonresident plaintiffs did not allege that they purchased, used, or were injured by Plavix in California. Id. at 1781.

Molydbenum Co., No. 2:19-CV-87 DDN, 2020 WL 3429144, at *4 (E.D. Mo. June 22, 2020) (Bristol-Myers Court rejected the "stream-of-commerce argument"). "Although Bristol-Myers did not expressly mention the stream-of-commerce theory, it [] stated that 'the bare fact that [a foreign defendant] contracts with [a forum-state] distributor is not enough to establish personal jurisdiction in the State.'" Id. (alterations in original) (quoting Bristol-Myers, 137 S.Ct. at 1783)). In other words, Bristol-Myers "expressly linked specific jurisdiction either to a foreign defendant's particular acts within the forum or the particular acts of its agent and/or alter ego subsidiary/distributor." Id. (the plaintiff's allegations that the foreign defendant sold defective product to a distributor, which sold that product to Missouri, were insufficient to support specific jurisdiction over the foreign defendant).[4]

In this case, it is undisputed that Krause-Werk did not manufacture or distribute Multi-Matic ladders in Missouri. In fact, Plaintiffs neither allege nor demonstrate that Krause-Werk conducted any business activities within Missouri. Furthermore, Plaintiffs do not allege and the record does not demonstrate that Krause-Werk shipped or sold the subject ladder into Missouri. As a result, Plaintiffs failed to demonstrate that Krause-Werk took a significant action, relating to Plaintiff's injury, in Missouri. In the absence of actual in-forum conduct, Plaintiffs' allegations

---

[4] See also M.J. by and through next friend Oliver v. Ford Motor Co., 4:19-CV-1846 HEA, 2019 WL 4194372, at *4 (E.D. Mo. Sep. 4, 2019) ("Actual in-forum conduct by a non-resident defendant – not merely an unrelated third party, is necessary to establish specific personal jurisdiction."); Allied Ins. Co. of Am. v. Ecovacs Robotics, Inc., No. 1:19-CV-13 SNLJ, 2019 WL 2173430, at *2 (E.D. Mo. May 20, 2019) (mere allegation that a non-resident defendant placed the allegedly defective product into the stream of commerce is not sufficient to support specific jurisdiction); Goellner-Grant v. JLG Indus., Inc., 4:18-CV-342 SNLJ, 2018 WL 3036453, at *2 (E.D. Mo. June 19, 2018) (court lacked personal jurisdiction over non-resident defendant where third party sold the allegedly defective product in Missouri); State ex rel. LG Chem, Ltd. v. McLaughlin, 599 S.W.3d 899, 904 (Mo. banc 2020) (Missouri courts lacked personal jurisdiction over a foreign defendant where an independent third party sold the defendant's batteries into Missouri).

that Krause-Werk placed Multi-Matic ladders into the stream of commerce with the understanding that they would be sold in Missouri, and a Multi-Matic ladder caused Mr. Konys' injury in Missouri, are not sufficient to support personal jurisdiction.[5]  See, e.g., Slaton, 2020 WL 3429144, at *4; Allied Ins. Co., 2019 WL 2173430, at *2; Goellner-Grant v. JLG Indus., Inc., 4:18-CV-342 SNLJ, 2018 WL 3036453, at *2 (E.D. Mo. June 19, 2018) (court lacked personal jurisdiction over non-resident defendant where third party sold the allegedly defective product in Missouri).

B.  Specific jurisdiction over Krause, Inc.

Krause-Werk also asserts that its parent-subsidiary relationship with Krause, Inc. does not subject it to personal jurisdiction in Missouri.  More specifically, Krause-Werk maintains that:  (1) Plaintiffs "failed to meet their burden or make any showing that Krause, Inc. was the alter ego of Krause-Werk"; and (2) even if Plaintiffs' allegations demonstrated an alter ego relationship, Krause, Inc.'s contacts in Missouri were not sufficient to subject it to the personal jurisdiction of this Court.  [ECF No. 23]  Plaintiffs counter that Krause-Werk operated Krause, Inc. as its alter ego such that Krause, Inc.'s actions may be imputed to Krause-Werk for purposes of establishing personal jurisdiction.[6]  [ECF No. 33]

---

[5] In support of their position that Krause-Werk is subject to personal jurisdiction in Missouri, Plaintiffs rely on another Multi-Matic ladder case, Patterson v. Home Depot, USA, Inc., 684 F.Supp.2d 1170 (D. Ariz. 2010).  In that case, the District Court of Arizona held that Krause-Werk "purposefully availed itself of jurisdiction in Arizona because the Company placed its design for the Multi-Matic ladder into the 'stream of commerce' and directed that design toward U.S. consumers by establishing an American subsidiary and giving that subsidiary a license to manufacture ladders in accordance with that design." Id. at 1183.  However, the Supreme Court later rejected this basis for specific jurisdiction in J. McIntyre, a plurality opinion holding that conduct directed at the United States as a whole, and not specifically directed to the forum state, does not establish specific jurisdiction over a foreign defendant.  564 U.S. 873, 884 (2011).  "Patterson was decided before J. McIntyre … and does not reflect the current law on specific jurisdiction." Analya v. Machs. de Triage et Broyage, No. 18-CV-1731 DMR, 2019 WL 1083783, at *5 (N.D. Cal. Mar. 7, 2019).

[6] In support of their claim that they made a prima facie showing of personal jurisdiction over Krause, Inc., Plaintiffs rely on a Multi-Matic ladder case decided in this District prior to the

9

The Court first considers whether Plaintiffs made a prima face showing that personal jurisdiction exists over Krause, Inc. Plaintiffs claim that the following allegations in their first amended complaint demonstrate that Krause, Inc. had sufficient contacts in Missouri to establish specific personal jurisdiction:

- Krause, Inc. contracted with Home Depot to distribute its ladders, such as the one causing injury to Plaintiff, directly to consumers throughout the U.S., including Missouri.

- Krause, Inc. understood that the ladders would be sold and used in Missouri.

- It was Krause, Inc.'s intent and purpose to have its ladders – including the subject ladder – sold and used in Missouri.

- As a direct result of Krause, Inc.'s sales and distribution strategy, its ladders were sold and used in Missouri.

- As a direct result of Krause, Inc.'s sales and distribution strategy, its ladders reached consumers residing in Missouri – including Plaintiffs.

[ECF No. 33 at 9-10 (citing ECF No. 32)]

As an initial matter, the Court notes that Plaintiffs provide no testimony, affidavits, or evidentiary materials supporting their claim that Krause, Inc. had the requisite minimum contacts with Missouri. Instead, Plaintiffs rely on the conclusory allegations contained in their first amended complaint. "Where the assertions in a plaintiff's complaint are contested, this is not

---

Supreme Court's decision in Bristol-Myers. In Truitt v. Westlaw Hardware, Inc., Krause-Werk moved to dismiss for lack of personal jurisdiction a plaintiff's claims for negligence and strict liability arising from injuries caused by a Multi-Matic ladder. 2015 WL 2453010, at *5. In denying the motion to dismiss, the court held that: (1) it lacked specific jurisdiction over Krause-Werk; but (2) the plaintiff's allegations that Krause, Inc. was Krause-Werk's alter ego were "sufficient for the Court to exercise personal jurisdiction over [Krause-Werk] on the basis of imputing [Krause, Inc.'s] contacts with Missouri to litigate claims in this district." Id. at *9, 11. While the court implicitly found that it had personal jurisdiction over Krause, Inc., it did not discuss this finding. As such, that opinion does not identify any allegations or credible evidence that Krause, Inc. directed its activities at Missouri and the litigation resulted from injuries relating to Krause, Inc.'s activities in Missouri. See Casino Queen, Inc., 689 F.3d at 912 (quoting Burger King Corp., 471 U.S. at 472). Accordingly, Truitt is not helpful under the circumstances here.

enough." Dever, 380 F.3d at 1074. Because Krause-Werk denies jurisdiction, Plaintiffs "bear[] the burden of proving facts supporting personal jurisdiction."[7] Wells Dairy, Inc., 607 F.3d at 518.

As Krause-Werk points out in its memorandum in support of its motion to dismiss, Plaintiffs did not allege that Krause, Inc. "engaged in any relevant acts with a distributor or retailer in Missouri," let alone that Krause, Inc. distributed or sold the subject ladder in Missouri. Rather, Plaintiffs alleged generally that Krause, Inc. distributed Multi-Matic ladders "such as the one causing injury to Plaintiff" to consumers in Missouri.[8] "Simply stating that a company marketed, promoted, and sold a product in Missouri does not establish specific jurisdiction." Fullerton v. Smith & Nephew, Inc., 1:18-CV-245 RLW, 2019 WL 2028712, at *4 (E.D. Mo. May 8, 2019) (no personal jurisdiction over non-resident defendant where medical device that failed and injured the plaintiff in Missouri was manufactured in Tennessee, shipped to Arkansas, and sold and implanted in Arkansas). Because nothing in either the first amended complaint or the record suggests a connection between Krause, Inc.'s contacts in Missouri, the subject ladder, and its collapse, Plaintiffs failed to make a prima facie showing of personal jurisdiction.[9] See, e.g., id.; M.J., 2019 WL 4194372, at *4; Goellner-Grant, 2018 WL 3036453, at *2; Kelley v. Pfizer Inc., 4:15-CV-583

---

[7] Plaintiffs erroneously assert that because "Defendant has not asserted any facts whatsoever in support of the claim that no personal jurisdiction could be exercised over Krause, Inc.[,]…Plaintiff's allegations regarding the conduct of Krause, Inc. vis-à-vis Missouri must be accepted as true." [ECF No. 33 at 10] However, the Eighth Circuit has held that "the party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging the jurisdiction." Viasystems, Inc., 646 F.3d at 592 (quotation omitted).

[8] In their response in opposition to Krause-Werk's motion to dismiss, Plaintiffs assert for the first time that "Plaintiff was using a ladder in Missouri that had been delivered to Missouri by Krause, Inc. from the neighboring state of Illinois." [ECF No. 33 at 10] However, Plaintiffs provided no testimony, affidavits, or other evidentiary materials demonstrating that Krause, Inc. sold or distributed the ladder in question in Missouri.

[9] Because Plaintiffs did not make a prima facie showing that personal jurisdiction exists over Krause, Inc., the Court need not determine whether Plaintiff successfully pierced the corporate veil and established that Krause, Inc. was Krause-Werk's alter-ego.

11

ERW, 2015 WL 3999488, at *3 (E.D. Mo. July 1, 2015).  See also Cedar Crest Apartments, 577 S.W.3d at 495 (Mo. banc 2019) (no personal jurisdiction over non-resident defendants where the plaintiff "fail[ed] to show any connection between [defendants' contacts with Missouri] and his claims, far less that his claims against [the defendants] arose out of those contacts.").

IV.   Conclusion

Plaintiffs have not carried their burden of establishing a prima facie case that this Court may properly exercise personal jurisdiction over Krause-Werk.  Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Krause-Werk's motion to dismiss for lack of personal jurisdiction [ECF No. 22] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims and cause of action against Krause-Werk are **DISMISSED** for lack of personal jurisdiction.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of September, 2020